GIBBONS, Circuit Judge,
dissenting.
Because I believe that a genuine issue of material fact exists regarding whether the City adequately responded to Nievaard’s complaints, I respectfully dissent.
*956 Certainly, the Human Resources Department took prompt and significant steps to respond to Nievaard-steps that would be “prompt and adequate” as a matter of law if the evidence consisted only of these steps. The record in this case, however, also includes evidence that managers in the Parks Department disregarded the advice of the Human Resources Department and undermined its actions, thus allowing the harassment to continue. The actions of the Parks Department managers are no less attributable to the City than those of Human Resources Department personnel. Moreover, there is evidence that Human Resources Department personnel were fully aware of the lack of cooperation by the Parks Department; yet no evidence exists that Human Resources sought to inform higher level city officials of the Parks Department’s position. Thus, a reasonable trier of fact could find the City’s response inadequate based on either the Parks Department’s actions or the Human Resources Department’s lack of action, or both.
The majority accurately cites the case authority applicable to determining whether a response was “prompt and adequate.” The flaw in its reasoning is in looking only at the positive actions of the Human Resources Department. Surely, a jury could find that the Parks Department’s actions, which are actions of the City to the same extent as those of Human Resources, could be characterized as amounting to more than mere negligence. Indeed, the actions of the Parks Department in this case could fairly be said to manifest “culpable indifference,” in that the Parks Department “exhibited] such indifference as to indicate an attitude of permissiveness that amounts to discrimination.” Blankenship v. Parke Care Ctrs., Inc., 123 F.3d 868, 872-73 (6th Cir.1997); see McCombs v. Meijer, Inc., 395 F.3d 346, 353 (6th Cir.2005). Similarly, a jury could find that the failure of the Human Resources Department to seek resolution at a higher level was likewise more than negligence, but instead rose to the level of culpable indifference, given the evidence of its awareness of the Parks Department’s position. For these reasons, I would reverse the grant of summary judgment to the City of Ann Arbor.